Steven Weaver Law Firm
Steven Parnell Weaver
CA Bar #243000
325 W. Hospitality Lane, Suite 212
San Bernardino CA 92408
steven@spweaver.com
909-727-4220

UNITED STATES CENTRAL DISTRICT COURT

STATE OF CALIFORNIA

| | |
|---|---|
| Daniel Lee Jackson,<br><br>Plaintiffs<br>vs.<br><br>San Bernardino Sheriff J. Aceves;<br>San Bernardino Sheriff P. Grewal:<br><br>Defendants | Case No.: 5:25-cv-02837--SSS-MBK<br>SECOND AMENDED COMPLAINT FOR DAMAGES<br>- **42 U.S.C. Section 1983 and 1988:**<br>■ Excessive force<br>- **State Common Law:**<br>■ Battery by Law Enforcement<br><br>DEMAND FOR JURY TRIAL |

## **NATURE OF ACTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, the Eighth and the Fourteenth Amendments of the United States Constitution, and the California State Constitution

against Defendant San Bernardino Sheriff J. Aceves and Defendant San Bernardino Sheriff P. Grewal. Defendant San Bernardino Sheriff J. Aceves will be designated (DJA) and his Employee ID is J6481; San Bernardino Sheriff P. Grewal will be designated (DPG) and his employee I.D. is J6129. DJA and DPG collectively together will be referred to as DEFENDANTS.

## PRELIMINARY STATEMENTS

2. Plaintiff Daniel Lee Jackson (PDJ) was travelling through San Bernardino County at the time of the incident.
3. PDJ was injured due to the DEFENDANTS' deliberately and unlawfully harming him when they reasonably knew injury was going to occur.
4. This is a civil action seeking damages against the DEFENDANTS for committing acts under color of law and depriving PDJ of rights secured by the Constitution and laws of the United States (42 U.S.C. § 1983). The right deprived is a constitutional right to be free from a government employee affirmatively placing PDJ in a position of actual, particularized danger.
5. PDJ brings this action against all the DEFENDANTS under the Eighth and Fourteenth Amendments of the United States Constitution and the

Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, for injuries suffered due to the DEFENDANTS' substantial and deliberate indifference to their health and safety.

6. PDJ brings this action against the DEFENDANTS, for monetary damages to redress all their individual injuries resulting from DEFENDANTS' purposeful acts.

7. PDJ states claims against the DEFENDANTS for breach of duties imposed upon them by the Constitution of the State of California and for duties imposed upon them by the common law.

8. Each Government-official Defendant's, official, and individual actions, has violated the Constitution.

9. PDJ suffered physical and emotional injuries and deprivation of his constitutional rights because of the DEFENDANTS' actions.

10. PDJ is entitled to reasonable costs and attorney's fees under 42 U.S.C. 1988 and other applicable California codes and laws as to each claim or charge.

11. California Government Code Section 815.2(a) provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of employment if the act

or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

12. Defendants were acting within the scope of their employment when they attacked PDJ.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. §§ 1331 and 1343 under the federal question doctrine. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

15. This action is filed under the Eighth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, under California Law and under common law, to redress injuries suffered by the PLAINTIFFS at the hands of DEFENDANTS.

16. Notices of a claim were presented and rejected by DEFENDANTS. The claim stated the time, place, cause, nature, and description of matter causing any injuries.

## PARTIES

17. Defendant San Bernardino County is a California municipal corporation that acts through individuals to establish its policies and that is capable of being sued under California Law.

18. The San Bernardino County Sheriff Department (Department) is an entity under the jurisdiction of San Bernardino County.

19. At all times mentioned herein and at all other relevant times, DJA was employed by the Department acting within the course and scope of his employment as a DCSB employee at the time of the incident and is sued herein in both his official and personal capacities.

20. At all times mentioned herein and at all other relevant times, DPG was employed by the Department acting within the course and scope of his employment as a DCSB employee at the time of the incident and is sued herein in both his official and personal capacities.

21. PDJ is an individual, and at all times mentioned herein was a citizen of the United States of America and a resident of the County of San Bernardino.

**<u>STATEMENT OF FACTS GIVING RISE TO PDJ's CAUSES OF ACTION</u>**

22. The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

23. On December 6, 2024, PDJ was driving his suburban and was stopped by the Defendants.

24. Defendants where on another traffic stop when they saw PDJ drive by them.

25. Defendants stopped PDJ because they saw marijuana plants in his vehicle.

26. PDJ was in lawful possession of marijuana plants.

27. PDJ stopped after the Defendants contacted him.

28. PDJ had his three dogs and his mother, Tammy Jackson, in the car with him at the time of the stop.

29. DJA was the officer originally speaking to PDJ.

30. During the stop with the Defendants, PDJ was asked by DJA for his license.

31. While attempting to retrieve his license, DPG came from the other side of the vehicle, opened PDJ’s door and grabbed him.

32. DPG admits that he heard PDJ say that the plants were legal and thereafter approached the driver’s door.

33. PDJ was told to step out of the vehicle.

34. While being told to step out of the vehicle, Defendants opened the car door.

35. After opening the car door, DPG grabbed PDJ, as PDJ was still seated in his car.

36. Before the car door was opened, PDJ was complying with the orders of the Defendants and was only asking questions.

37. DJA admits to grabbing PDJ “to prevent him from grabbing anything.”

38. Both Defendant’s pull PDJ from the car and begin hitting him.

39. PDJ was grabbing the steering wheel while they Defendants were attempting to drag him from the vehicle.

40. While he was grabbing the steering wheel, he was being punched.

41. PDJ never tried to hit the officers.

42. DJA admits to kneeing PDJ in the torso.

43. During the punching, DJA’s Axon camera is knocked loose and only picks up the sound of the scuffle.

44. Defendants are hitting and kicking PDJ off camera during this time.

45. DPG tased PDJ.

46. PDJ was placed in handcuffs after he was tased.

47. PDJ was arrested by the Defendants and charged with resisting arrest, only.

48. The suspected marijuana plants, which were the alleged reason for the stop, were left at the scene by the Defendants with PDJ’s mother.

49. On DJA’s Axon camera, you can see DPG strike PDJ multiple times while he is still seated in his seat.

50. In DJA’s police report, he writes that DPG struck PDJ multiple times, as well as admits to kneeing him.

51. In DPG’s report, he admits to striking and tazing PDJ.

52. DPG admits that he turned off his camera during this traffic stop.

53. PDJ was noted by DPG to have an abrasion to his head  from his head contacting the ground during the altercation.

54. While at the hospital. One of the Defendants said, “Should have just beaten you with our billy clubs.”

55. A claim was filed and denied under Department of Risk Management file #150006.

56. A case was filed under, FMB24000485 for 2 counts of PC 69, and was dismissed on September 15, 2025.

**<u>Count 1 –Fourteenth Amendment Claim of Excessive Force</u>**

**(42 USC 1983)**

57. PDJ re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

58. Defendants touched PDJ in an offensive manner without his consent with excessive force causing a significant injury by purposefully punching, kicking and tazing him, and this use of force was objectively unreasonable;

59. The actions of Defendants resulted in humiliation, pain and suffering to PDJ and was intentional, willful, malicious, oppressive, excessive, and unnecessary force under any circumstance;

60. Defendants' acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline; and

61. Defendants' actions caused harm to PDJ that was foreseeable and in fact resulted in physical and emotional harm to PDJ; and Defendants are thereby liable for compensatory damages under 42 U.S.C. Section 1983;

62. There was no need to use any force in this instance, much alone the amount used;

63. There was no threat perceived by or made to Defendants.

64. There was no warning or order to comply before this force was used.

65. PLAINTIFF further claims all of PLAINTIFF's attorney's fees and costs incurred and to be incurred in PLAINTIFF's presenting, maintaining, and prosecuting this action under 42 U.S.C, 1988;

66. The action of the DEFENDANT was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANT.

**COUNT 2 – Battery by Law Enforcement Officer**

67. PDJ re-alleges and incorporates the foregoing paragraphs as if set forth herein and further states that:

68. Defendants touched PDJ in an offensive manner without his consent with excessive force causing a significant injury by purposefully punching, kicking and tazing him, and this use of force was objectively unreasonable;

69. Defendants used unreasonable force on PDJ;

70. PDJ did not consent to the use of that force;

71. PDJ was harmed; and

72. Defendants' use of unreasonable force was a substantial factor in causing PDJ's harm.

73. PDJ was being detained, was not escaping and did not commit a crime in the Defendants' presence;

74. PDJ did not reasonably appear to pose an immediate threat to the safety of the Defendants or anyone else;

75. There was no crime at issue at the time of the Defendants' actions; and

76. PDJ was not actively resisting arrest or detention or attempting to evade such at the time the force was used.

77. The Plaintiff re-alleges and incorporates paragraphs 65-66 regarding Plaintiff's request for damages and attorneys' fees as if set forth herein this Count.

WHEREFORE, the PLAINTIFFS demands judgment against each and every Defendant individually and jointly as DEFENDANTS and prays for relief as follows as to each above Count or Charge:

1.) Compensatory damages in an amount according to proof, which is fair, just, and reasonable.

2.) Punitive and exemplary damages under federal and California law, in an amount according to proof and in an amount which is fair, just, and reasonable against Defendants, jointly, as allowable by law.

3.) All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C 1983 and 1988; California Code of Civil Procedure 1021.5 and as otherwise may be allowed by California and/or Federal law; and

4.) For such other and further relief as the Court deems just and proper.

Dated: October 27, 2025

Steven Parnell Weaver

Attorney for PDJ

DEMAND FOR JURY TRIAL

The Plaintiffs hereby demands a jury trial on each and every charge or count.

Dated: October 27, 2025

Steven Parnell Weaver

Attorney for PDJ